B. Z. CARDEN *et al.* *v.* W. F. BUSH *et al.*

(No. 7679)

Submitted February 28, 1934.   Decided March 13, 1934.

*Maxwell, Sayre & Bowers,* for appellants.
*P. J. Carr,* for Jean Miller.
*Thos. N. Read,* for T. L. Read *et al.*

Woods, President:

This appeal involves an alleged violation of a certain party wall agreement.

In 1924 Z. V. Burks conveyed a small lot in the city of Hinton to E. L. Lewis and wife, who in turn conveyed to Miller, trustee, to secure $4,925.00, the balance of the purchase price. During the following year B. Z. Carden and wife and B. G. Grimmett entered into a writing with the Lewises whereby the former conveyed a two-inch strip of ground between their two-story building and the Burks' lot together with one-half of the wall of said building, and any extension thereto, on the agreement of the Lewises that neither they, nor their heirs or assigns, would build any structure upon the Burks' lot more than fourteen feet in height on that portion of the lot lying twenty feet or more in rear of the street. And, in 1926, Lewis and wife, for consideration of $4,600.00 ($1,170.00 cash, and assumption and agreement to pay and discharge a certain note and deed of trust securing

same) conveyed unto T. L. Read, with covenants of general warranty of title, all that certain lot, conveyed to them by Burks, together with "the right and benefit of a certain party wall agreement" between themselves and the Cardens and Grimmett. In 1927, Burks assigned to T. N. Read the unpaid notes of the Lewises, amounting to $3,120.00, together with his rights under the deed of trust securing the same; and shortly thereafter, at T. N. Read's request, the trustee made sale of the property to W. F. Bush for $5,300.00 cash. Bush entered upon the lot and began excavation for a three-story building. Thereupon Carden and Laura B. Hedrick (the latter having acquired the interest of Grimmett) obtained a temporary injunction.

After a hearing of the cause the chancellor entered a decree setting aside the sale of Miller, trustee, to Bush. And on appeal the decree was reversed and the cause remanded, this Court holding that a *bona fide* purchaser at a trustee's sale (regularly conducted) under a recorded deed of trust, takes the property sold free from a recorded contract relating thereto, made by the grantor of the trust deed, subsequent to the deed but prior to the sale, neither the trustee nor the beneficiary being a party to the contract. *Carden* v. *Bush*, 109 W. Va. 655, 155 S. E. 914.

After the foregoing decision Bush proceeded with the erection of the proposed building, thereby obstructing light and air from certain windows in the building owned by Carden and Hedrick for the benefit of which building the covenant with the Lewises had been made.

Therefore the plaintiffs proceeded to amend their original pleading, setting up a claim against T. L. Read for damages occasioned by loss of light and air due to the latter's failure to perform his covenant to pay and satisfy the debt secured by the trust deed to Miller, and seeking to have the surplus of the fund in the hands of Miller, trustee, after payment of T. N. Read's claim, applied thereon. The chancellor, after hearing evidence under the amended pleading, dismissed the case, and the plaintiffs appeal.

As held in the former opinion, the party wall agreement was outside the chain of title under which Bush purchased. So, T. L. Read's liability, if any, is dependent upon a con-

struction of the party wall agreement. The import of that document was that Lewis and his heirs or assigns would respect the reciprocal rights therein conferred. At the time Lewis contracted he had only an equity of redemption, and the plaintiffs admit actual knowledge of the outstanding trust deed to Miller, trustee. Lewis might fail to redeem. Read merely steps into Lewis' shoes. Neither Lewis nor Read did anything under the contract. This is not a parallel case to *Hennen* v. *Deveny*, 71 W. Va. 629, 77 S. E. 142. The easement of Lewis did not of itself become a part of the dominant estate purchased by Bush at the trustee's sale. *Carden* v. *Bush*, *supra.*

So, as we view the record, there is no basis for an action for damages against T. L. Read. We therefore affirm the action of the circuit court in dismissing the case.

*Affirmed.*